IN THE UNITED STATES DISTRICT COURT
FOR THE DISTRICT OF NEBRASKA

| | | |
|---|---|---|
| AMIKHET EN MAATI, | ) | 8:12CV314 |
| | ) | |
| Petitioner, | ) | |
| | ) | |
| v. | ) | **MEMORANDUM** |
| | ) | **AND ORDER** |
| STATE OF NEBRASKA, | ) | |
| | ) | |
| Respondent. | ) | |

    This matter is before the court on Petitioner's Motions requesting an evidentiary hearing, discovery, additional state court records, and the appointment of counsel. (Filing Nos. 24 and 25). As discussed below, Petitioner's Motions will be denied without prejudice to reassertion.

**I. Requests for an Evidentiary Hearing, Discovery, and State Court Records**

    Petitioner has requested that an evidentiary hearing be conducted on his claims. Rule 8(a) of the *Rules Governing Section 2254 Cases in the United States District Courts* states in pertinent part: "If the petition is not dismissed, the judge must review the answer, any transcripts and records of state-court proceedings, and any materials submitted under Rule 7 to determine whether an evidentiary hearing is warranted." When deciding whether to grant an evidentiary hearing, a federal court must consider whether such a hearing could enable the habeas petitioner to prove the petition's factual allegations, which, if true, would entitle the petitioner to federal habeas relief on his claims. *Schriro v. Landrigan*, 550 U.S. 465, 474 (2007). An evidentiary hearing may be held only when the habeas petition "alleges sufficient grounds for release, relevant facts are in dispute, and the state courts did not hold a full and fair evidentiary hearing." *Sawyer v. Hofbauer*, 299 F.3d 605, 610 (6th Cir. 2002) (internal quotation omitted).

    Here, the court has not yet reviewed the Petition for Writ of Habeas Corpus, Respondent's Answer, or the State Court Records. Without reviewing these materials, the court is unable to determine whether an evidentiary hearing, discovery, or additional

state court records are necessary. Accordingly, the court will deny Petitioner's requests for an evidentiary hearing, discovery, and additional state court records. The court will reconsider Petitioner's Motions if, following review of the record in this matter, the court determines that an evidentiary hearing, discovery, and additional state court records are necessary.

**II.     Motion to Appoint Counsel**

Petitioner has asked for the appointment of counsel in this matter. "There is neither a constitutional nor statutory right to counsel in habeas proceedings; instead, [appointment] is committed to the discretion of the trial court." *McCall v. Benson*, 114 F.3d 754, 756 (8th Cir. 1997). As a general rule, counsel will not be appointed unless the case is unusually complex or the petitioner's ability to investigate and articulate the claims is unusually impaired or an evidentiary hearing is required. *See, e.g.*, *Morris v. Dormire*, 217 F.3d 556, 558-59 (8th Cir. 2000), *cert. denied*, 531 U.S. 984 (2000); *Hoggard v. Purkett*, 29 F.3d 469, 471 (8th Cir. 1994) (citations omitted). *See also* Rule 8(c) of the Rules Governing Section 2254 Cases in the United States District Courts (requiring appointment of counsel if an evidentiary hearing is warranted.) The court has carefully reviewed the record and finds that there is no need for the appointment of counsel at this time.

IT IS THEREFORE ORDERED that: Petitioner's Motion for Miscellaneous Relief (Filing No. 24), and Motion to Appoint Counsel, Allow Discovery, and Grant an Evidentiary Hearing (Filing No. 25) are denied without prejudice.

DATED this 14th day of August, 2013.

BY THE COURT:

*Richard G. Kopf*
Senior United States District Judge

---

*This opinion may contain hyperlinks to other documents or Web sites. The U.S. District Court for the District of Nebraska does not endorse, recommend, approve, or guarantee any third parties or the services or products they provide on their Web sites. Likewise, the court has no agreements with any of these third parties or their Web sites. The court accepts no responsibility for the availability or functionality of any hyperlink. Thus, the fact that a hyperlink ceases to work or directs the user to some other site does not affect the opinion of the court.